IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryant Braxton,<br><br>                      Plaintiff,<br><br>vs.<br><br>Leon Lott, in his representative capacity for the Office of the Richland County Sheriff, and Mike Wenzell, Jason Cuzzupe, and D. McRoberts, in their individual capacities,<br><br>                      Defendants. | C/A No. 3:21-cv-3649-JFA-SVH<br><br>**OPINION AND ORDER** |

### I.    INTRODUCTION

Plaintiff Bryant Braxton, ("Plaintiff"), proceeding through counsel, brings this action pursuant to 42 U.S.C. § 1983 alleging that he was arrested without probable cause. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendants' motion to dismiss based upon Plaintiff's alleged perjurious testimony. (ECF No. 27).

After reviewing the motion to dismiss, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion to dismiss be denied but that other appropriate sanctions for discovery abuse be issued.[1] (ECF No. 44). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Report also addressed other non-dispositive issues which are not subject to review and thus not addressed in this order.

Plaintiff filed objections to the Report on January 5, 2023 (ECF No. 47), to which Defendants replied. (ECF No. 50). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must

"direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 44). In short, Defendants aver that Plaintiff committed perjury by providing false deposition testimony and therefore request he be sanctioned in the form of a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 37. The Report conducted a thorough review of the factors necessary in determining what sanctions, if any, are appropriate for discovery abuses. The Report recommends denying the request to dismiss, and instead suggests other sanctions including reasonable attorney's fees associated with the motion to dismiss and an adverse jury instruction.

In response to the Report, Plaintiff enumerated four separate objections. (ECF No. 47). Although Plaintiff lists four separate objections, in substance, his response takes issue with the

Magistrate Judge's ultimate recommendation that sanctions are appropriate pursuant to Federal Rule of Civil Procedure 37.[2]

Specifically, Plaintiff avers that his deposition testimony was the result of a faulty memory and not a deliberate attempt to conceal the truth. Thus, sanctions are not appropriate. The Report essentially agrees that "although Plaintiff's testimony may have been, as characterized by Defendants, precise and deliberate, it may also have been the product of a more innocuous motivation." (ECF No. 44, p. 10-11)(cleaned up).

Upon *de novo* review of the evidence presented, it is difficult, but not impossible, to conclude that Plaintiff's testimony was not perjurious. However, this determination is best left to the jury as they have been tasked with evaluating credibility. Moreover, "false statements alone do not indicate bad faith . . . . Standing alone, a false or inconsistent statement in a deposition does not compel the conclusion of bad faith." *Byrne v. Nezhat*, 261 F.3d 1075, 1125 (11th Cir. 2001). Thus, the Court agrees that the factor of whether the party was acting in bad faith favors Defendants, but not strongly.

Plaintiff also points out that the Report fails to address Defendants' alleged bad faith in failing to disclose the existence of video footage until after propounding numerous questions to Plaintiff and then producing it mid-deposition. Although the bad faith of Defendants' failure to produce such footage itself is not before the Court, it cuts against any alleged prejudice or request for severe sanctions.

---

[2] Within their reply to Plaintiff's objections, Defendants take the position that Plaintiff's objections simply rehash previous arguments and are therefore not entitled to a *de novo* review. Although some portions of Plaintiff's objections do appear to be duplicate of previous arguments, the Court declines the invitation to disregard the entirety of Plaintiff's argument and will instead apply the proper standard of review to the objections to the extent they properly challenge specific portions of the Report.

Accordingly, the Court agrees with the Report in that dismissal is not warranted and Plaintiff's discovery abuses can be remedied with a lesser sanction. However, the Court further agrees with Plaintiff's objection that a monetary reward is not necessary here. Thus, the Court accepts Plaintiff's suggestion that an adverse jury instruction is a sufficient deterrence. As recommended in the Report, the Court will consider providing an adverse jury instruction regarding Plaintiff's conduct.

### IV.     CONCLUSION

After a thorough review of the Report, objections, applicable law, and the record of this case, the Court adopts the Report with the modification that monetary sanctions will not be issued. As to the remainder of the Report, a *de novo* review shows no error. Thus, Defendants' motion to dismiss (ECF No. 27) is denied, sanctions in the form of an adverse jury instruction will be implemented at the appropriate time, and Defendant's motion for an order to show cause (ECF No. 28) is consequently moot. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

February 13, 2023                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge